# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**SUMRALL CAPITAL, LLC**

    *Plaintiff/Counter-Defendant*,

v.

**SANFORD MILLER**

    *Defendant/Counter-Plaintiff*,    Cause No. 3:20-CV-00784-CWR-LGI

v.

**THOMAS P. MCDONNELL, III;**
**U-SAVE HOLDINGS, INC.; TRACE**
**RESIDENTIAL PROPERTIES, LLC**

    *Counter-Defendants.*

## ORDER

Before the Court is Plaintiff/Counter-Defendant Sumrall Capital, LLC's *Motion to Strike Unsworn Declaration of Robert M. Barton*. Docket No. 124. Upon review, the motion is granted in part and denied in part.

Federal Rule of Civil Procedure 56 allows a party to submit declarations to support or oppose a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A); *see also* 28 U.S.C. § 1746 (allowing unsworn declarations to be submitted under penalty of perjury). But those declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). When a declaration does not meet that standard, "[a] party may object that

the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). A motion to strike is not necessary under Rule 56, so the Court will treat the instant motion as a Rule 56(c)(2) objection.[1]

Plaintiff/Counter-Defendant alleges that the Barton Declaration submitted in connection with the Defendant's *Response in Opposition to the Motion for Summary Judgement*, Docket No. 119, Ex. L, is inadmissible insofar as it contains information that is (1) beyond the affiant's personal knowledge, (2) impermissible opinion testimony, (3) irrelevant or conclusory, or (4) otherwise incompetent summary judgment evidence. Docket No. 124. For these reasons, Plaintiff/Counter-Defendant objects to paragraphs four, five, seven, and ten, and to the last sentence of paragraph six of the Barton Declaration. *Ibid*; *see also* Docket No. 128 at 5, 6, 8.

Defendant responds that each of the assertions contained in the declaration are within Barton's personal knowledge because, during the times relevant to the lawsuit, he was either the President and Chief Operating Officer of Franchise Services of North America, Inc. ("FSNA"), President of U-Save, a FSNA subsidiary, or a FSNA stockholder. Docket No. 126 at 2. Beyond that, the issues raised in the *Motion to Strike* are "cross-examination issues," they argue. *Id*. at 1.

The Fifth Circuit has held that an affiant need not explicitly assert that the materials contained in their summary judgment affidavit are based on the affiant's personal

---

[1] Rule 56's Advisory Committee Note explains that "[t]here is no need to make a separate motion to strike." Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment. The objection permitted under Rule 56 "functions much as an objection at trial," with the burden being on the proponent to show that the affidavit is "admissible as presented or to explain the admissible form that is anticipated." *Id*.

knowledge. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). Rather, personal knowledge may be demonstrated if the facts stated "reasonably" fall within the "'sphere of responsibility'" of the affiant as a corporate employee. *Ibid*. That presumption does not carryover to statements that are conclusory in nature, however. "Unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

Here, Barton's Unsworn Declaration avers that he was "President of U-Save during the relevant time period." Docket No. 119, Ex. L. But this matter is about the FSNA bankruptcy and the secured promissory note between Sumrall and Miller. Neither Barton's Unsworn Declaration nor the Defendant's *Response in Opposition*, Docket No. 126, explain how Barton's position at U-Save would vest him with knowledge about either of the disputes at issue here. It is not enough that Barton was previously President/COO of FSNA or remained a concerned stockholder for some undefined time afterward. And it is not clear to the Court that being President of a subsidiary would necessarily give him access to the information about which he seeks to testify. Under Fifth Circuit precedent, there is not a sufficient basis upon which to reasonably infer that Mr. Barton possesses personal knowledge of the facts contained in paragraphs four and five. Thus, Plaintiff's objections as to those paragraphs are sustained.

However, the Court finds, based on the pleadings currently before it, that the balance of Barton's Unsworn Declaration is relevant or otherwise permissible under the Federal Rules of Evidence, and is therefore competent summary judgment evidence. Two of the central issues presented in the Plaintiff's *Motion for Summary Judgment* are 1) whether a valid contract

existed between the parties and 2) Defendant/Counter-Plaintiff Miller's liability on various tort claims. The assertions made in Barton's Declaration may bear on the fact-finder's ability to resolve those questions.

Therefore, the Sumrall Capital LLC's *Motion to Strike Unsworn Declaration of Robert M. Barton* is **GRANTED** in part and **DENIED** in part.

**SO ORDERED**, this the 10th day of November, 2022.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE